934 F.2d 322
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward CHANDONAIS, Ruth Chandonais, Plaintiffs-Appellants,
v.
UNITED STATES of America, DEPARTMENT OF AIR FORCE, Defendant-Appellee.
 No. 90-2103.
 United States Court of Appeals, Sixth Circuit.
 June 3, 1991.
 
 Before KENNEDY and BOYCE F. MARTIN, Jr., Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff appeals from the District Court's summary judgment in this case brought pursuant to the Federal Torts Claim Act, 26 U.S.C. Sec. 2671 ("FTCA"). For the following reasons, we AFFIRM.
 
 
 2
 On January 13, 1987, Captain Walker, an Air Force officer, attended a newcomer's meeting at Sawyer Air Force Base. Having flown the previous day, attendance at this meeting was Captain Walker's only requirement for work that day. Captain Walker left approximately an hour after the meeting, departing for home in his own vehicle. While driving home, Captain Walker's vehicle crossed over the center line and collided head on with plaintiff's vehicle, killing Captain Walker and seriously injuring plaintiff.
 
 
 3
 Plaintiff and his wife brought suit against the United States ("defendant") based on the FTCA, seeking damages for negligence and loss of consortium. The District Court granted defendant's motion raised pursuant to Fed.R.Civ.P. 12(b)(1) and dismissed the loss of consortium claim for lack of subject matter jurisdiction. After reviewing the pleadings and supporting documentation, the District Court granted summary judgment in favor of defendant on the negligence claim. This appeal ensued.
 
 
 4
 We review a grant of summary judgment de novo. Storer Comms., Inc. v. National Ass'n of Broadcast Employees & Technicians, 854 F.2d 144 (6th Cir.1988). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Fed.R.Civ.P. 56(c). In reviewing a summary judgment, a court must construe the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. Procedurally, the moving party initially bears the burden of demonstrating the absence of a genuine issue of material fact. Id. When the moving party has met this burden, the nonmoving party must show that a "genuine" issue of fact exists:
 
 
 5
 When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.... [T]he nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."
 
 
 6
 Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original) (footnote and citations omitted).
 
 
 7
 Under the FTCA, an individual may sue the United States for personal injury caused by a negligent or wrongful act or omission of an employee of the government who performs such act while acting within the scope of his employment. " 'Acting within the scope of his office or employment', in the case of a member of the military or naval forces of the United States or a member of the National Guard as defined in section 101(3) of title 32, means acting in line of duty." 28 U.S.C. Sec. 2671. "Acting in line of duty" for purposes of this section means acting within the scope of employment based on the applicable state law of respondeat superior. United States v. Farmer, 400 F.2d 107 (8th Cir.1968). Both parties agree that this Court must look to Michigan's law of respondeat superior to determine whether defendant is liable.
 
 
 8
 Although acknowledging the general rule of law in Michigan that simply going to and coming from work is not within the scope of employment, Thomas v. Certified Refrigeration, Inc., 392 Mich. 623 (1974), plaintiff argues that the instant circumstances permit application of the "special mission" exception to this general rule. This exception provides:
 
 
 9
 When an employee, having identifiable time and space limits on his employment, makes an off-premises journey which would normally not be covered under the usual going and coming rule, the journey may be brought within the course of employment....
 
 
 10
 Bush v. Parmenter, 413 Mich. 444, 320 N.W.2d 858 (1982) (quoting 1 Larson, Workmen's Compensation Law, Sec. 16.10, at 4-123 (footnote omitted) [hereinafter Larson]. Quoting with approval, the Bush Court stated that " 'Any business mission that begins ... from a particular base, such as the employee's home or office, must contemplate both an outgoing and a returning trip.' " Id. at 456 (quoting Larson Sec. 19.29, at 4-310). Further, the employee's acts must be related to a business purpose. Id. at 457.
 
 
 11
 In support of this theory of liability, plaintiff offers two reports, an interim report and a correct final report, based on a standardized government document, DD Form 1300 (Report of Casualty). These documents both state that Captain Walker was "Active Duty-On Duty" at the time of the accident. Notwithstanding these documents, the District Court concluded that the evidence clearly established that January 13, 1987, was a short work day for Captain Walker and that he was not on a special mission for defendant. The District Court further held that the characterization of Captain Walker's status as "Active Duty-On Duty" does not provide a basis for liability separate from the state law basis under respondeat superior principles. Joint App. at 108.
 
 
 12
 We agree with the District Court's conclusion. We further note that the government documents relied upon by plaintiff were severely discredited by documents submitted by defendant, including LTC Starkovich's affidavit. Plaintiff has offered no evidence to show that defendant should be liable for the actions of Captain Walker. Thus, whether relying upon the government documents to establish liability based on respondeat superior principles or a separate legal theory, plaintiff has failed to carry its burden.
 
 
 13
 Taken as a whole, the record could not lead a rational trier of fact to find in favor of plaintiff. No genuine issue of fact remains for trial and, based on these facts, defendant is entitled to judgment as a matter of law. Accordingly, the decision of the District Court is AFFIRMED.